Wilson, J.,
delivered the opinion of the court.
This was an action instituted by Hildenbrand to recover a commission as a real estate broker for services hi the negotiation of a sale of realty. The suit was originally begun in the justice’s court, and hence there are no written pleadings. On trial in the county court, on appeal, at the conclusion of the introduction of testimony by plaintiff, defendant moved the court to instruct the jury to return a verdict for defendant. This motion was allowed, and verdict and judgment rendered accordingly. From this plaintiff appealed.
The sole question presented is the right of the court to, direct a verdict for defendant on the case as made by plaintiff. The facts as shown by the evidence appear to be sub *523 stantially these. Plaintiff was a broker, and defendant listed with him for sale a house and lot, the price being fixed at $1,800. Plaintiff found and introduced to defendant one Goeppert as a purchaser. After divers consultations in which all three took part, Goeppert finally agreed that he would take the property at the price demanded, paying, therefor $1,100 in cash, and giving a note secured by deed of trust for the deferred payment. Goeppert stated that he did not have the cash then on hand, but expected it within a few days from Philadelphia. He paid to defendant, however, about $355 of the amount, and defendant prepared and executed a deed ready for delivery when the balance of the cash payment was made and the note and deed of trust executed for the •remainder. It is not clear in whose hands the deed was deposited, but it appears to have been either with the cashier of the bank, or the plaintiff. This, however, is immaterial. On a subsequent day, about the date fixed by Goeppert as the time he expected his money from the east, the three parties again met, and went together to an abstract office for the purpose of finally consummating the deal. Upon arrival there, Goeppert stated that he would do nothing on that day, but arranged with plaintiff and defendant to meet him at the abstract office on the next afternoon, when he would be ready to make the payment, and conclude the purchase. Plaintiff and defendant were 'on hand at the appointed time, but Goeppert did not appear, and upon investigation, they found that he had left the state, and returned to Pennsylvania. He has never come back to Colorado. He forfeited the money which he had paid, and the sale fell through. It is conceded that Goeppert did not have any property in the state, other than the money which he might have had in the bank, and has never since liad. We do not think that the court erred. It is well settled in this state that where a plaintiff upon trial shows no cause of action, or makes out no case whatever, it is not only the right, but it may be the duty of the court to direct a verdict for defendant, upon motion made for that purpose. Murphy v. Cobb, 5 Colo. 281.
*524 There was no conflict in the evidence as to the facts upon which plaintiff based his right to recover, and they were not sufficient to establish that right. It is true that a broker is not required to complete a valid contract of sale, binding upon both vendor and vendee, before he is entitled to a commission. Buckingham v. Harris, 10 Colo. 459; Finnerty v. Frits, 5 Colo. 179. Ordinarily, his right to compensation attaches when he produces a customer who is ready, able and willing to buy upon the terms proposed. This right, however, might be defeated by the arbitrary refusal of the purchaser to comply with the terms, even though he might at one time have expressed himself as able, ready and willing. It would not be defeated, however, by an arbitrary refusal of the seller to comply with the agreement, or if the sale was prevented by his attempt to change the terms or impose additional ones. In this case it is conclusively shown by the evidence both of plaintiff and of Goeppert, who were the only witnesses testifying, the former in person and the latter by deposition, that the vendor was at all times ready and willing to complete the sale upon the terms originally agreed upon. That Goeppert was not ready and willing, and wholly failed and refused to complete the sale, was shown with equal positiveness. His failure -to keep his appointment, and his sudden departure from the state without notice to either the plaintiff or the defendant, about which there is no dispute, was as positive and conclusive evidence of a refusal to complete the agreement as could well be offered. It is not shown, either, that he has at anytime since manifested any desire or made any offer to consummate the sale. In such case the money which was paid to defendant could be treated only as earnest money, or as securing an option to purchase. In fact, the testimony of Geoppert himself shows that he treated it simply as the purchase of an option, and that afterwards, changing his mind, he concluded to throw up the deal. Under these circumstances, plaintiff was not entitled to his commission. Dwyer v. Raborn, 6 Wash. 213; Yeager v. Kelsey, 46 Minn. 402.
*525 It appearing from the facts conclusively shown by the plaintiff himself that as a matter of law, he was not entitled to recover, the court did not err in directing a verdict for defendant. The judgment will be affirmed.

Affirmed.